IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NEDEL ABUROKBEH,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

CASE NO. 2:16-CV-00228
CRIM. NO. 2:13-CR-00020(1)
JUDGE JAMES L. GRAHAM

## ORDER

Petitioner has filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  He challenges his April 25, 2014, conviction on possession with intent to distribute 2500 grams of Pentedrone, a Schedule I controlled substance analogue, made pursuant to the terms of his negotiated *Plea Agreement*.  (ECF No. 87.)  The Court imposed a sentence of eighteen months incarceration plus three years supervised release pursuant to the joint agreement of the parties.  (*See id*; *Superseding Plea Agreement*, ECF No. 64.)  Petitioner did not file an appeal.  Petitioner indicates that his conviction triggered deportation proceedings against him, and he is currently in the custody of the Bureau of Immigration and Customs Enforcement (ICE) pending deportation/removal based a November 24, 2015, removal order of the Board of Immigration Appeals.  Petitioner asserts that he was denied the effective assistance of counsel, that his guilty plea was not knowing, intelligent, and voluntary, and that there was an inadequate factual basis for his guilty plea under *McFadden v. United States*, -- U.S. --, 135 S.Ct. 2298 (2015).  Petitioner has filed a *Motion to Stay Enforcement of Order of Removal/Order of Deportation* pending resolution of these proceedings.  (ECF No. 92.)  Respondent opposes Petitioner's request.  *Response* (ECF No. 98.)

Petitioner requests that the Court issue a stay of the November 24, 2015, removal order of the Board of Immigration Appeals pending resolution of this action.  Petitioner argues that a stay is warranted under *Nken v. Holder*, 556 U.S. 418, 434 (2009), because the record reflects a strong likelihood of success of his claims on the merits.  He further contends that he will be unable to challenge the validity of his guilty plea if he is deported, suffering irreparable harm, whereas the government will not be prejudiced, as Petitioner will continue to be incarcerated.  According to Petitioner, the public interest weighs in favor of granting a stay, so that he may prevent a manifest miscarriage of justice.

However, this Court lacks jurisdiction to grant Petitioner's request.  *See Elcheikhali v. Holder*, No. 4:10cv2333, 2010 WL 4818390, at *2 (N.D. Ohio Nov. 22, 2010)(the REAL ID Act stripped this Court of its jurisdiction to issue a stay of a removal order in habeas corpus proceedings, as well as the Petitioner's right to receive one from this Court)(citing 8 U.S.C. § 1252(a)(2)(C)).

> Section 106 of the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 231, 310–11 ("REAL ID Act") (codified at 8 U.S.C. § 1252), "clearly eliminates a habeas petition as a means for judicial review of a removal order." Muka v. Baker, 559 F.3d 480; see Elia v. Gonzales, 431 F.3d 268, 273 n. 5 (6th Cir.2005) (noting that "the REAL ID Act amendments limit habeas relief" in immigration cases). Thus, a petitioner's "sole and exclusive" method to obtain judicial review of a final order of removal is to petition the appropriate circuit court of appeals for review. 8 U.S.C. § 1252(a)(5)

*Id*. "All court orders regarding alien removal, including stays or permanent injunctions, are issued by the appropriate court of appeals."  *Id*. (citing 8 U.S.C. §§ 1252(a) (2)(D), 1252(a)(5)). *See also Moussa v. Jenifer*, 279 F.Supp.2d 861, 864 (E.D. Mich. Aug. 28, 2003)("Pursuant to 8 U.S.C. § 1252(g) and AADC, this Court may not review the Attorney General's discretionary decision to execute a removal order.")(citations omitted).  While Petitioner correctly notes that

2

this Court maintains jurisdiction in habeas corpus proceedings to consider an immigrant alien's challenge to his underlying criminal conviction, *see Kellici v. Gonzales*, 472 F.3d 416, 419 (6th Cir. 2006)(citations omitted), Congress has made clear that all court orders regarding alien removal must be issued by the appropriate courts of appeals. *Tejada v. Cabral*, 424 F.Supp.2d 296, 298 (D. Mass. March 23, 2006)(citing 8 U.S.C. §§1252(a)(2)(C), 1252(a)(2)(D), 1252(a)(5))("One thing the REAL ID Act certainly did do. . . was emphatically to declare that this Court was not in any way to impede orders of removal.") *Id*. Petitioner therefore must seek a stay of his order of removal from the appropriate Court of Appeals. *Id.* (citing *Santos v. Payant*, No. 04 Civ. 8705(NRB), 2005 WL 1431688, at *1 (S.D.N.Y. June 17, 2005)).

Therefore, Petitioner's *Motion to Stay Enforcement of Order of Removal/Order of Deportation* (ECF No. 92) is **DENIED.**  Petitioner's *First Motion to Expedite* (ECF No. 97) is **DENIED**, as moot.

**IT IS SO ORDERED.**

Date: June 2, 2016                                    _____s/James L. Graham_____
                                                                    JAMES L. GRAHAM
                                                                    United States District Judge