IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NEDEL ABUROKBEH,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

CASE NO. 2:16-CV-000228
CRIM. NO. 2:13-CR-00020
**JUDGE JAMES L. GRAHAM**
Magistrate Judge Elizabeth A. Preston Deavers

ORDER and
REPORT AND RECOMMENDATION

Petitioner has filed the instant *Motion to Vacate under 28 U.S.C. § 2255*. (Doc. 91.) This matter is before the Court on the instant motion, Respondent's *Response in Opposition* (Doc. 94), Petitioner's *Reply* (Doc. 95), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion to Vacate under 28 U.S.C. § 2255* (Doc. 91) be **DISMISSED.**

Petitioner's request for an evidentiary hearing is **DENIED**.

**Facts and Procedural History**

Petitioner pleaded guilty pursuant to the terms of his negotiated *Superseding Plea Agreement* pursuant to Rule 11(c)(1)(C), to knowingly possessing with intent to distribute 2500 grams of pentedrone, a Schedule I controlled substance analogue, as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and § 846. (*See* ECF Nos. 64, 75.) On February 4, 2014, the Court adopted, without objections, the Magistrate Judge's recommendation to accept Petitioner's guilty plea. *Order* (Doc. 79.) On April 25, 2014, pursuant to the agreement of the parties, the

Court imposed a sentence of 18 months incarceration, to be followed by a term of three years supervised release. Petitioner did not file an appeal. (Docs. 86, 87.)

According to Petitioner, he completed his prison sentence on that same date, and was released into the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), where he has remained since that time, awaiting deportation on a November 24, 2015, removal order issued by the Board of Immigration Appeals due to his underlying conviction in this case.

On March 11, 2016, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255*. (Doc. 91.) Petitioner asserts that, had he known of the elements required to establish a conviction for the offense charged, as set forth in *McFadden v. United States*, -- U.S. --, 135 S.Ct. 2298 (2015), he would not have pleaded guilty, but would have proceeded to trial. Petitioner maintains that his conviction constitutes a manifest injustice, because the record fails to reflect a factual basis for his guilty plea, his guilty plea was not knowing, intelligent, or voluntary (because he was misinformed regarding the *mens rea* required to establish a violation of the Analogue Act), and his guilty plea was the product of the ineffective assistance of counsel. According to Petitioner, the record reflects that the Court misinformed him regarding the elements that the prosecution would be required to establish a conviction on the offense charged, and the facts fail to establish his knowledge, as required under *McFadden*. Petition (ECF No. 91, PageID# 488.) Petitioner states that he was under the influence of a prescription for "Remeron" at the time of guilty, which causes confusion, problems concentrating or thinking, and memory problems. (PageID# 493.) Petitioner claims that his attorney pressured him into entering a guilty plea in order to avoid jail time. Petitioner also asserts that his attorney performed in a constitutionally ineffective manner by failing to properly explain the elements of

the offense charged or object to an inadequate factual basis to support the *mens rea* requirement of the statute at issue. (PageID# 494.)

It is the position of the Respondent that Petitioner's claims fail to provide a basis for relief.

## Custody Requirement

Pursuant to § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A defendant must be 'in custody' for the conviction or sentence under attack at the time his § 2255 motion is filed." *United States v. Koertel*, No. 13-CR-00346, 2016 WL 4524860, at *2 (E.D. Cal. Aug. 30, 2016)(holding that district court lacked jurisdiction to consider § 2255 motion where the petitioner's sentence had completely expired and he remained in the custody of the Department of Homeland Security awaiting removal proceedings)(citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *United States v. Krboyan*, No. 10-cv-2016, 02-cr-5438, 2010 WL 5477692, at *4 (Dec. 30, 2010)). "When a petitioner's sentence for a conviction has fully expired, the conviction may not be directly challenged because the petitioner is no longer 'in custody' pursuant to that conviction." *Ferqueron v. Straub*, 54 Fed.Appx. 188, 190 (6th Cir. 2002) (citing *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001)). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review. A petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition, however, does not. *Maleng*, 488 U.S. at 492–93. Moreover, "[t]he

3

collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner 'in custody' under § 2254(a)." *Ferqueron*, 2002 WL 31828191, at *1 (citing *Maleng,* 490 U.S. at 492).

Relevant here, a petitioner's immigration status constitutes a collateral consequence of his conviction that is insufficient to satisfy the "in custody" requirement for federal habeas corpus proceedings. *See Ikharo v. DeWine*, No. 2:12-CV-489, 2013 WL 2620264, at *2–3 (S.D. Ohio June 11, 2013) (as applied to 28 U.S.C. § 2254) (citing *Camera v. New York*, No. 11–cv–8235, 2012 WL 3242697, at *3 (S.D.N.Y. Aug. 9, 2012) ("[I]mmigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254."); *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992) (holding that deportation proceedings constitute a collateral consequence of the conviction insufficient to satisfy in custody requirement for § 2255 proceedings); *United States v. Montoya*, 891 F.2d 1273, 1293 (7th Cir. 1989); *United States v. Romero–Vilca*, 850 F.2d 177, 179 (3d Cir. 1988); *Fruchtman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976); *United States v. Santelises*, 509 F.2d 703, 704 (2d Cir. 1975)(*per curiam*)); *Mainali v. Virginia*, 873 F. Supp. 2d 748, 7511–52 (E.D. Va. June 25, 2012) (same) (citing *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004)); *see also Guzman v. New York*, No. 11 CIV 2433, 2011 WL 6097128, at *3–4 (S.D.N.Y. Dec. 7, 2011) (declining to consider claim under *Padilla v. Kentucky,* 559 U.S. 356 (2010), in § 2255 proceedings where the petitioner's sentence had fully expired) (citing *Kandiel v. United States*, 964 F.2d at 796).

Although Petitioner indicates that he completed his 18 month prison term long prior to the filing of this action, the Court also imposed a term of three years supervised release. Therefore, it appears that Petitioner's sentence has yet to completely expire, and Respondent

4

does not argue otherwise. Therefore, the Court maintains jurisdiction to consider the § 2255 motion. "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016)(citing *United States v. Sandles*, 469 F.3d 508, 517–18 (6th Cir.2006); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir.1995)).

## Statute of Limitations

Although neither party has addressed the issue, a one-year statute of limitations applies to the filing of federal habeas corpus petitions. Further, a federal district court may *sua sponte* consider the timeliness of a § 2255 motion, even where the government has failed to raise a timeliness defense in its response, so long as the Court provides fair notice to the parties and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292, 293-94 (6th Cir. 2015)(citing *Day v. McDonough*, 547 U.S. 198 (2006)). The parties have the opportunity to respond to the issue of application of the one-year the statute of limitations in this case by filing an objection to the *Report and Recommendation*.

28 U.S.C. § 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment of conviction became final on May 5, 2014, or ten days after his April 25, 2014, judgment of conviction, when the time period expired to file a timely appeal. *See Arrick* v. *United States*, No. 2:16-cv-00531, 14-cr-108(1), 2016 WL 5858945, at *2 (S.D. Ohio Oct. 7, 2016)(citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)).  The statute of limitations began to run on the following day, and expired one year later, on May 6, 2015.  Petitioner waited more than ten months, until March 11, 2016, to file the instant § 2255 motion.  Therefore, the § 2255 motion is untimely.  Further, the record reflects no reason to conclude that equitable tolling of the statute of limitations should be applied.  *See Holland v. Florida,* 560 U.S. 641, 649 (2010)(In order to establish entitlement to equitable tolling, a petitioner must establish that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from timely filing).

Under the provision of § 2255(f)(3), the statute of limitations may begin to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3).  Petitioner raises arguments related to the Supreme Court's June 18, 2015, decision in *McFadden v. United States*, 135 S.Ct. at 2298.  He filed this action within one year of the date of that decision.

In *McFadden*, the Supreme Court held that, to establish a violation of the Analogue Act, the government must establish "that the defendant knew he was dealing with a 'controlled substance,'" and specifically, that:

6

> When the substance is an analogue, that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity. The knowledge requirement is also met if the defendant knew the specific features of the substance that make it a " 'controlled substance analogue.' " § 802(32)(A).

*Id*. at 2302 (citing 21 U.S.C. 802(32)(A)).

According to Petitioner, his guilty plea is no longer valid in view of the Supreme Court's decision in *McFadden*. However, the Supreme Court has not indicated that *McFadden* announced a new rule that is to be applied retroactively to cases on collateral review. Moreover, "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001); *see also In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001)("A new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive.")(citations omitted). Petitioner has referred to, and this Court is aware of no federal cases holding that *McFadden* is to be applied retroactively to cases on collateral review such that this action may be considered to be timely under the provision of § 2255(f)(3). If the Supreme Court decides in the future that *McFadden* applies retroactively to cases on collateral review, then petitioner can refile his petition.

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 91) be **DISMISSED**.

Petitioner's request for an evidentiary hearing is **DENIED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

7

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: December 16, 2016

                                                                                                              __s/Elizabeth A. Preston Deavers__
                                                                                                              Elizabeth A. Preston Deavers
                                                                                                              United States Magistrate Judge