IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NEDEL ABUROKBEH,

           Petitioner,

           v.

UNITED STATES OF AMERICA,

           Respondent.

CASE NO. 2:16-CV-000228
CRIM. NO. 2:13-CR-00020
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On December 16, 2016, the Magistrate Judge issued an *Order and Report and Recommendation* recommending that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 102) be dismissed, and denying Petitioner's request for an evidentiary hearing. (ECF No. 102.) Petitioner has filed an *Objection* to the Magistrate Judge's *Order and Report and Recommendation*. (ECF No. 103.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 103) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 102) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 91) is hereby **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED.**

Petitioner challenges his conviction pursuant to his guilty plea to knowingly possessing with intent to distribute 2,500 grams of pentedrone, a Schedule I controlled substance analogue, as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and § 846. Petitioner asserts that his guilty plea was not knowing, intelligent or voluntary and was the product of the ineffective assistance of counsel, and that his conviction is invalid in view of *McFadden v. United States*, --

U.S. --, 135 S.Ct. 2298 (2015).  The Magistrate Judge recommended dismissal of this action as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f).

Petitioner again argues that his conviction is invalid in view of the Supreme Court's decision in *McFadden*, because he was misinformed by the Court regarding the element of intent required for his offense of conviction.  Petitioner contends that this action may be timely under 28 U.S.C. § 2255(f)(4), which provides that the one-year statute of limitations does not begin to run until the date on which the facts supporting a petitioner's claim(s) could have been discovered through the exercise of due diligence.  Petitioner contends that the Court should hold an evidentiary hearing on the issue, and so that he may further develop the record regarding the content of his discussions with defense counsel.  Petitioner also asserts that equitable tolling of the statute of limitations should be applied, as he has been in the custody of Immigration and Customs Enforcement ("ICE"), and embroiled in litigation regarding his removal proceedings until March 2016.  Petitioner has attached documents relating to his removal proceedings and the December 11, 2014, dismissal of his appeal in removal proceedings, as well as a letter dated January 18, 2016, from Attorney Steven S. Nolder, which apparently contained an attached drafted § 2255 petition for Petitioner's filing.  (ECF Nos. 103-1-103-3, PageID# 569-582.)

The statute of limitations expired on May 6, 2015, one year after the time period expired for Petitioner to file a timely appeal.  Petitioner waited more than ten months, until March 11, 2016, to file this action.  Although Petitioner filed the § 2255 motion within one year of the Supreme Court's June 18, 2015, decision in *McFadden*, as discussed by the Magistrate Judge, the Supreme Court has not held that *McFadden* is to be applied retroactively to cases on collateral review.  This Court therefore need not conduct an evidentiary hearing to determine whether Petitioner acted diligently in discovering the nature of his claims under *McFadden*.  It is

2

the Petitioner's burden to establish that he exercised due diligence. *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (citing *Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012) (internal quotation omitted)). Moreover, "Section 2255(f)(4) is 'directed at the discovery of new facts, not newly-discovered law.'" *Goble v. Taylor*, No. 14-58-ART-REW, 2015 WL 770389, at *4 (E.D. Ky. Feb. 19, 2015) (citing *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013); *Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (*en banc*)). Petitioner does not refer to any new evidence or facts related to his convictions as a basis for relief. *See id.*

A federal habeas court may toll the running of the statute of limitations "'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "[P]etitioner bears the . . . burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham Humphreys v. Memphis Brooks Museum* of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. In order to obtain equitable tolling of the statute of limitations, the Petitioner must establish both that he has diligently pursued his rights and that "some extraordinary circumstance" prevented his timely filing. *United States v. Sferrazza*, 645 Fed.Appx. 399, 408 (6th Cir. 2016)(citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)(citation and internal quotation marks omitted). Petitioner's *pro se* incarcerated status and limited access to the prison's law library do not constitute extraordinary circumstances justifying equitable

tolling of the statute of limitations. *See Lathan v. Warden Southeastern Corr. Inst.*, No. 2:11–cv–302, 2012 WL 368048 (S.D. Ohio Feb.3, 2012)(same); *Keeling v. Warden, Lebanon correctional Inst.,* 673 F.3d 452, 464 (6th Cir. 2012) (*pro se* status and lack of knowledge of the law do not excuse late filing). Petitioner does not allege, and the record does not reflect, that any extraordinary circumstances prevented Petitioner from timely filing. Petitioner's continued incarceration does not constitute any unusual or extraordinary circumstance, and the record does not reflect that fact that he was engaged in litigation with regard to his removal proceedings prevented him from timely filing. Additionally, in a letter January 18, 2016, Petitioner's attorney apparently mailed Petitioner the required documents for the filing of the § 2255 motion. Petitioner nonetheless waited approximately one month and 22 days to file this action.

For these reasons, and for the reasons discussed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 103) is **OVERRULED**. The *Report and Recommendation* (ECF No. 102) is **ADOPTED** and **AFFIRMED.** The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 91) is **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED.**

**IT IS SO ORDERED.**

Date: January 4, 2017

                                                               s/James L. Graham  
                                                               JAMES L. GRAHAM  
                                                               United States District Judge