**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NEDEL ABUROKBEH,**

|  |  |
|---|---|
| **Petitioner,** | **CASE NO. 2:16-CV-000228**<br>**CRIM. NO. 2:13-CR-00020**<br>**JUDGE JAMES L. GRAHAM** |
| **v.** | **Magistrate Judge Elizabeth P. Deavers** |

**UNITED STATES OF AMERICA,**

     **Respondent.**

**OPINION AND ORDER**

On January 4, 2017, the Court dismissed the instant *Motion to Vacate under 28 U.S.C. §
2255. Opinion and Order* (ECF No. 104.) This matter is before the Court on Petitioner's
January 17, 2017, *Motion for Certificate of Appealability*. (ECF No. 107.) For the reasons that
follow, Petitioner's *Motion for Certificate of Appealability* (ECF No. 107) is **DENIED**.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas
corpus in federal court holds no automatic right to appeal from an adverse decision by a district
court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. §
2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to
appeal.) The petitioner must establish the substantial showing of the denial of a constitutional
right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S.
880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot*
in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right,
a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree
that) the petition should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Petitioner challenges his conviction pursuant to his guilty plea on knowingly possessing with intent to distribute 2,500 grams of pentedrone, a Schedule I controlled substance analogue, as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption, in violation of 21 U.S.C. 841(a)(1), (B)(1)(C), and § 846. He asserts that his guilty plea was not knowing, intelligent or voluntary and was the product of the ineffective assistance of counsel, and that his conviction is invalid in view of *McFadden v. United States*, -- U.S. --, 135 S.Ct. 2298 (2015). The Court dismissed this action as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f).

This Court is not persuaded that reasonable jurists would debate whether the Court correctly dismissed this action as time-barred. Nothing in the record reflects that any extraordinary circumstance prevented Petitioner from timely filing. In a letter dated January 18, 2016, Petitioner's attorney apparently mailed Petitioner the required documents for the filing of

this action.  Petitioner nonetheless waited approximately one month and 22 days to file the §

2255 motion.  Further, the United States Supreme Court has not held that *McFadden* is to be

applied retroactively to cases on collateral review.

Therefore, Petitioner's *Motion for Certificate of Appealability* (ECF No. 107) is

**DENIED.**

Date: January 24, 2017

                                                       _____s/James L. Graham_____
                                                       JAMES L. GRAHAM
                                                       United States District Judge